Juvenile Court of Tuscarawas County.

IN RE WILLIAM DECKER, AN ALLEGED DEPENDENT CHILD.

Decided June 26, 1930.

*Wilkin, Fernsell, Fisher & Limbach,* for Elizabeth Decker.

*Richardson & Finley,* for Philip Decker.

LAMNECK, J.

On June 23, 1930, L. M. Williams, one of the Juvenile Court probation officers, filed an affidavit in this court alleging that one William Decker, a minor of the age of one year and six months, is a dependent child in that "the father and mother of said child are separated, the child now being with its father, he being a poor man compelled to work away from home for his sustenance. Said child is without proper parental care and protection, and it is, therefore, necessary that the court provide a suitable home for said child."

The parents of said child were duly cited to appear in court and a full hearing on the question of the dependency of the child was had on June 25, 1930.

Counsel for the mother of said child filed a motion in the case asking the court to dismiss the action because no proof had been adduced to show lack of proper parental care, as defined by Section 1646 of the General Code, and that other proof as to the dependency of the child was

incompetent because no other fact of dependency was alleged in the affidavit.

Under Section 1646 of the General Code, a child who does not have proper parental care is one whose parents —"permit it to use or become addicted to the use of tobacco or intoxicating liquors as a beverage and not for medicinal purposes, or any injurious or narcotic drug, or whose parents * * * rears, keeps, or permits it in a gambling house or place where gambling is practiced or carried on, or a house of ill fame or ill repute."

Under a strict construction of this section, the contention of counsel for the mother probably would have to be sustained if the court was precluded from considering other facts of dependency. But the juvenile statutes are designed primarily for the protection of dependent and reformation of delinquent children and, to carry out that purpose, the statutes relating to the children themselves must be given a liberal construction. Under Section 1647 of the General Code, it is expressly provided that a complaint is sufficiently definite by using the words dependent or delinquent as the facts may be. Taking this section into account, together with the fact that the Juvenile Code should be given a liberal construction, the court is of the opinion that, whenever a child is alleged to be dependent in a complaint, it should receive evidence on all matters pertaining to the question, even though all the facts of dependency are not alleged in the complaint.

The facts developed by the evidence are that the parents became estranged on June 18, 1930, and separated, the father retaining custody of the child; that both parties associated continually with questionable characters, in their own home and elsewhere, under circumstances that could not possibly continue without leading to estrangement; that the mother is afflicted with a venereal disease; that the parents seldom went out together but both were frequently absent from home, going to places which were obnoxious to the other, and staying out until a late hour of the night; and that the child was frequently left with

a neighbor in the absence of its parents from their home, thereby depriving said child of its parents' care under circumstances that were not warranted or justified.

Under Section 1645 of the General Code, a child may be dependent in a number of ways but, in so far as said section relates to this case, a child may be dependent in two particulars:

1. If its home, by the neglect of its parents, is an unfit place for it to be.

2. If its environment is such as to warrant the state, in the interest of the child, to assume its guardianship.

The court believes that the evidence in the case is sufficiently strong to support both of these propositions and consequently an order will be made declaring said child to be a dependent child.

It is also contended that the Juvenile Court has no jurisdiction to decide the custody of a child between its parents. The court has jurisdiction under the Juvenile Code to place a dependent child with either parent or, in the interests of the child, may commit its custody to strangers over the objection of the parents. (See *Childrens Home* v. *Fetter*, 90 Ohio St., at p. 127.)

If the parents of the child would become reconciled and promise to live together as a father and mother should, the court would be disposed to place the child in their care until further order. But, as they will not agree to do that, and since both have been continually guilty of conduct unbecoming parents trying to raise children according to the Christian standard, the court can only do one thing and that is to deprive both parents of the care and custody of their child, until further order of the court.

It will be further ordered that said child be placed in the care and custody of Emma Wagner of Port Washington, Ohio, and that said Philip Decker, the father, pay to said Emma Wagner, for the support of said child, the sum of twelve dollars ($12.00) per month from and after June 25, 1930, first payment to be made on or before July 10, 1930, and monthly thereafter.